MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2017 ME 137
Docket:        Cum-16-574
Submitted
  On Briefs:  June 14, 2017
Decided:      June 27, 2017

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, HJELM, and HUMPHREY, JJ.

IN RE SKYLER F. et al.

PER CURIAM

[¶1]  The mother of Skyler F., Rosalee V., and Austin V., and the father of Rosalee and Austin, appeal from a judgment of the District Court (Portland, *Powers, J.*) terminating their parental rights to the children pursuant to 22 M.R.S. § 4055(1)(A)(1)(a) and (B)(2)(a), (b)(i), (ii) (2016).  They challenge the sufficiency of the evidence to support the judgment and the court's discretionary determinations of the children's best interests.  Because the evidence supports the court's findings and discretionary determinations, we affirm the judgment.

[¶2]  Based on competent evidence in the record, the court found, by clear and convincing evidence, that the parents, whose children were removed from their custody, are unable to take responsibility for the children within a time reasonably calculated to meet the children's needs, that they are unable to protect the children from jeopardy and that those circumstances are

2

unlikely to change within a time reasonably calculated to meet the children's needs, and that termination of their parental rights is in the children's best interests. *See id.*; *In re Robert S.*, 2009 ME 18, ¶ 15, 966 A.2d 894. The court based these determinations on the following findings of fact:

> [The parents] clearly care dearly for all three children, but that affection is not enough. Having a suitable apartment is also not enough. They have also complied superficially with most reunification requirements, but their level of satisfact[ory] completion and application of learned parenting practices is low. Neither parent has had unsupervised contact since these cases began, and the trial of less supervised visits last spring was unsuccessful. They have not been close to having a trial home placement. There is a serious question whether these two can apply learned parenting concepts and techniques to the children when no other adults are present to help. Neither was capable of safely parenting these children when this case began, and the evidence shows little progress in that regard. [The mother] especially is overwhelmed by having three children, and [the father] is out of the home substantial hours each week and will not be present to help.

> Each parent needs ongoing, lengthy counseling to deal with their respective mental health issues. The father has a troubling history of yelling and swearing at the children which he is trying to overcome in counseling. Each has trouble putting the children's needs ahead of their own. Each continues to smoke marijuana daily with no apparent concern. [The mother] continues to smoke in the house.

> The GAL's unannounced October 2016 home visit provides a revealing snapshot into the home situation and the parents' lack of judgment in having little known "strangers" in the home, leaving drugs and paraphernalia around, and having a heavily cluttered home. This is problematic regardless of the fact that the

children were not present at the time.  Their behaviors give the court, the GAL, and DHHS little to no confidence that these parents are ready and able to provide a safe and stable home.

Skyler in particular has serious, ongoing mental health and behavioral and other issues clearly related at least in part to his upbringing.  It makes no sense to send him back to essentially the same environment, which led to his problems in the years before this case began.

These parents continue to live a somewhat chaotic life and are unable to provide a safe, stable, and predictable home involvement for the three children despite their willingness to do so.  While unfortunate, it is clearly so.

. . . .

The language in [22 M.R.S.] § 4003 [(2016)] notes that a purpose of the law is to avoid uncertainty and instability in the affected children's lives.  Skyler has clearly the most special needs of these children.  Rosalee has some, and Austin seems to have none.  The professionals are clear that Skyler in particular needs a safe and permanent home to provide him with the consistent routine that can lessen his major anxiety problem.

The parents' lack of real progress toward reunification after 21 months demonstrates that more time and delay is not in the children's best interest.  We are not close to a reunification, and should not wait even longer with no real hope in sight.  These children deserve to know about a future home that will give them a chance to develop and succeed.  This is so even if Skyler and possibly Rosalee are in non-adoptive situations, unlike Austin. The children have clearly improved their lives while away from the parents.  Skyler and Rosalee have been getting the services they need to remedy some of their deficits, and Skyler will continue to need considerable professional help and a supportive home.  Returning them to their prior custodian is the opposite of what these children need as they grow up.  While it may be

difficult for children to stop seeing their loving parents, it is time for them to learn that another and better home life is soon to occur. Their long-term success will be fostered by making this change now. Freeing them for adoption is the plan, with Austin probably benefitting the soonest due to his current pre-adoptive placement. Termination removes the uncertainty of the court process and gets these three closer to the permanency outlined above.

[¶3]  Given these findings and the court's other specific findings of fact that are supported by competent evidence in the record, the court adequately explained how the deficits of the parents render each parent—and both of them together—unable to protect the children from jeopardy or take responsibility for them in time to meet the children's needs. *See In re Jazmine L.*, 2004 ME 125, ¶ 16, 861 A.2d 1277; *cf. In re Thomas D.*, 2004 ME 104, ¶ 39, 854 A.2d 195. The court did not err or abuse its discretion in determining that termination of the parents' parental rights, with a permanency plan of adoption, is in each child's best interest. *See In re Thomas H.*, 2005 ME 123, ¶¶ 16-17, 889 A.2d 297.

The entry is:

Judgment affirmed.

---

Jason A. MacLean, Esq., South Portland, for appellant Father of Rosalee and Austin V.

Heather Gonzales, Esq., Strike, Gonzales & Butler Bailey, Portland, for appellant Mother

Janet T. Mills, Attorney General, and Hunter C. Umphrey, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Portland District Court docket numbers PC-2015-45, 68
For Clerk Reference Only